### 8311a

STATE *EX REL.* LYON, ATTORNEY GENERAL, v. WHITTEN.

1. OFFICES—MAGISTRATES—GOVERNOR.—A recess appointment by the Governor to the office of magistrate, even if made to fill a vacancy, is at an end upon the adjournment of the next session of the Senate without confirmation.

2. IBID.—IBID.—This Court cannot here consider whether persons holding the office of magistrate before the recess appointments here in question were lawfully holding or whether they had abandoned the offices, for the reasons, (1) these questions are not within the scope of the actions; (2) the persons holding the offices at that time are not before the Court.

Four actions in the original jurisdiction of this Court by the Attorney General against (1) S. E. Whitten, (2) W. E. Green, (3) W. T. Chamblee, (4) J. A. Young. The cases were sent to Court *en banc* by this Court on June 7, 1912.

*Attorney General Lyon* and *Assistant Attorney General DeBruhl,* for State. Mr. DeBruhl argued this with preceding case.

*Mr. K. P. Smith,* for Whitten.

September 14, 1912. The opinion of the Court was delivered by

MR. JUSTICE· WOODS. The complaints in these actions, brought by the Attorney General in April, 1912, under Chapter 2, Title 13, of the Code of Procedure, allege that the defendants have unlawfully obtruded themselves into the office of magistrate, and ask as relief that the Court will so find and adjudge that the defendants be excluded from office.

The material allegation in all the complaints is that each of the defendants is undertaking to perform the duties of magistrate under an appointment made by the Governor in the year 1911, after the adjournment of the Senate, and not confirmed by the Senate at its session of 1912. .

The complaints do not allege that there are any lawful incumbents of the office whose terms have not expired; nor that there are any persons who may have held the office at the time the defendants were appointed, before the Court.

The answer of the defendant S. E. Whitten is as follows:

I. "That he denies each and every allegation of the complaint not herein admitted.

II. "That he was on February 23, 1911, by the Governor of the State of South Carolina, duly appointed to the office of magistrate for Anderson county at Pendleton in said State and county, and that his commission as magistrate was issued to him by the Governor and attested by R. M. McCown as Secretary of State, and upon being so appointed and commissioned, his predecessor in office voluntarily surrendered to defendant the office of magistrate at Pendleton, together with the books and records of said office.

III. "That his appointment as aforesaid was made during a recess of the Senate, that body having adjourned *sine die* on February 18, 1911.

IV. "That until this action was begun defendant did not know whether or not his appointment as magistrate had

been confirmed by the Senate, and did not know whether or not his appointment as magistrate was made without the recommendation of the Senator or Members of the House of Representatives from Anderson county.

V. "That since his appointment as aforesaid he has been performing the duties of said office without adverse claim of any one, or in opposition to any claimant to said office, and until this action was commenced no one had ever questioned his right to hold and enjoy said office, and that he has been and is performing the duties of said office in good faith, believing himself to be a legally appointed magistrate.

"Wherefore defendant prays: (1) That the rule to show cause and the complaint herein be dismissed without cost to the defendant; (2) That his holding said office be declared legal."

On the answer is indorsed an admission that the defendant's appointment has not been confirmed by the Senate.

The answer and admission of the defendant W. E. Green is the same, except that it contains the allegation that his predecessor, S. M. Johnson, was appointed during a recess of the Senate and that his appointment has never been confirmed.

The answer of the defendant J. A. Young does not deny any of the allegations of the complaint, but admits that he has been acting as magistrate since the 27th day of February, 1911, under a recess appointment made by the Governor. It does not deny that the appointment has never been confirmed by the Senate, but alleges that such lack of confirmation was not known to the defendant until the complaint herein was served upon him. It alleges that he has performed the duties of the office, believing himself to be the lawful magistrate.

The answer of W. T. Chamblee is to the same effect, but it further alleges that when the defendant received his commission his predecessor in office turned over to him the books and papers belonging to the office and soon there-

412 STATE *v.* WHITTEN.

after removed from Anderson county; and has not made his home in the county since; and that if he had not accepted the office his community would have been deprived of the services of a magistrate for several months.

The Attorney General demurred to all the answers on the ground that they admitted the material allegations of the complaints and failed to set up any affirmative defense.

The question thus presented by the pleadings is, whether these appointments to the office of magistrate made by the Governor after the adjournment of the Senate in 1911, and not confirmed by the Senate at its next session in 1912, entitle the appointees to hold the office after the adjournment of the Senate in 1912.

After full discussion of the question, it was decided in *The State ex rel. Lyon, Attorney General,* v. *Bowden,* and others, that under sections 254 and 624 of the Civil Code a recess appointment of the Governor to the office of magistrate, even if made to fill a vacancy, was at an end upon the adjournment of the next session of the Senate without confirmation. It follows that all the defendants must be excluded from the office of magistrate.

There are two reasons why the Court cannot legally decide nor with propriety express an opinion as to whether there were any vacancies in the offices when the defendants were appointed, or whether the persons who were exercising the duties of the office before the appointment of the defendants have since made the offices vacant by abandonment or otherwise. The first reason is that those questions are entirely outside the scope of the actions; the other is that the persons holding the office or exercising its duties at the time the defendants were appointed are not before the Court.

The judgment of the Court is that the defendants be excluded from the office of magistrate and they pay the costs of these actions.

MESSRS. JUSTICES HYDRICK *and* FRASER *and* CIRCUIT JUDGES PRINCE, GAGE, WILSON, DEVORE, SPAIN *and* FRANK B. GARY *concur.*

MESSRS. CHIEF JUSTICE GARY, JUSTICE WATTS *and* CIRCUIT JUDGE SEASE *concur in the result.*